UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>THOMAS BEAUVAIS, )<br> )<br>    Plaintiff )<br> )<br>v. )<br> )<br>MANDARICH LAW GROUP, LLP )<br> )<br>Defendant )<br>_____ ) | Civil Action No. |

## COMPLAINT
## JURY DEMAND

1.   Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.   This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides in this District and the events giving rise to this action occurred here.

## PARTIES

3.   Plaintiff, THOMAS BEAUVAIS, is an individual consumer residing in Melrose, Middlesex County, Commonwealth of Massachusetts.

4. Defendant, MANDARICH LAW GROUP LLP, is believed to be a Limited Liability Partnership engaged in the practice of law, and has its principal place of business at 6301 Owensworth Avenue, Suite 850, Woodland Hills, CA 91637.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates paragraphs 1 through 8.

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

11. Defendant sought to collect a consumer debt from Plaintiff and called Plaintiff numerous times in an effort to collect said debt from in or around January 2012 to February 2012.

12.     Debt Collectors are required pursuant to M.G.L. Ch.93 §24A to obtain a license before collecting debt in the Commonwealth of Massachusetts ("Commonwealth").

13.     According to the Massachusetts Division of Banks website, there is no record of the Defendant being licensed to collect debt in the Commonwealth.

14.     Pursuant to M.G.L. Ch.93 §24A, the Defendant is not authorized to collect debt in the Commonwealth.

15.     Foreign Limited Liability Partnerships are required to register with the Commonwealth's Secretary of State's Corporations Division.

16.     According to the Commonwealth Secretary of State Corporation Division's website, there is no record of the Defendant being registered to transact business in the Commonwealth.

17.     Pursuant to 950 C.M.R. 111.05(1), the Defendant is not authorized to transact business in the Commonwealth.

18.     Defendant left the following message on Plaintiff's voice mail on his cellular telephone on or about the date stated:

<u>January 12, 2012 at approximately 8:00 p.m. - Cellular Phone</u>

This call is for Thomas Beauvais, please return the call to Kevin Price from the Mandarich Law Group, I have some very important information I need to discuss with you, my number is toll free: 877-414-0130….my direct extension 3355.

19. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

20. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div.</u>, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

21. Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

22. Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## UNLICENSED DEBT COLLECTION

23. Plaintiff incorporates paragraphs 1 through 22.

24. Defendant failed to obtain a license from the Commonwealth prior to engaging in collection activities in violation of 15 U.S.C. §1692(e)(2)(A)(B) and (10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Declaratory judgment that the defendant's conduct violated the Fair Debt Collection Practices Act;

    b. Statutory damages pursuant to 15 U.S.C. section 1692k;

c.     Attorney's fees, litigation expenses and costs of suit; and

d.     Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

25. Plaintiff incorporates Paragraphs 1 through 24.

26. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Declaratory judgment that the defendant's conduct violated the Fair Debt Collection Practices Act;

b.     Statutory damages pursuant to 15 U.S.C. section 1692k;

c.     Attorney's fees, litigation expenses and costs of suit; and

d.     Such other or further relief as the Court deems proper.

## COUNT III
## FAILURE TO REGISTER WITH THE SECRETARY OF STATE OF THE COMMONWEALTH

27. Plaintiff incorporates paragraphs 1 through 26.

28. Defendant failed to register with the Commonwealth's Secretary of State and had no authority to transact business in the Commonwealth in violation of 15 U.S.C. §1692(e)(2)(A)(B) and (10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Declaratory judgment that the defendant's conduct violated the Fair Debt Collection Practices Act;

    b. Statutory damages pursuant to 15 U.S.C. section 1692k;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## COUNT IV
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

29. Plaintiff incorporates Paragraphs 1 through 28.

30. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia,*

*Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Declaratory judgment that the defendant's conduct violated the Fair Debt Collection Practices Act.

    b.    Statutory damages pursuant to 15 U.S.C. section 1692k;

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this _4_ day of March, 2012.

    CHRISTIAN A. GONSALVES, ESQ.
    Attorney for Plaintiff
    Post Office Box 110
    East Boston, MA 02128
    Telephone: 617-970-1301
    Facsimile: 617-207-4349
    Email: gonsalveslaw@gmail.com

    By: /s/ Christian A. Gonsalves
        Christian A. Gonsalves, BBO# 648326